IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODNEY WELLS** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 03-727 |
| **BEN VARNER; THE DISTRICT** : | |
| **ATTORNEY OF THE COUNTY OF** : | |
| **PHILADELPHIA; and THE ATTORNEY** : | |
| **GENERAL OF THE STATE OF** : | |
| **PENNSYLVANIA** : | |
|     Defendant. : | |

## ORDER AND MEMORANDUM

### ORDER

**AND NOW** this 15th day of December, 2006, upon consideration of the *pro se* Petition/Motion Pursuant to Federal Rules of Criminal Procedure 6(e)(3)(c)(i)(I) [sic] for Production of Grand Jury Presentment on the Charge of Corrupt Organization[;] All Evidence Related to the Charge of Corrupt Organization[;] Affidavit to the Complaint on the Charge of Corrupt Organization[; and] Finding and Order of Judge Victor J. Dinubile on the Charge of Corrupt Organization ("Motion for Production of Grand Jury Documents") (Doc. No. 18, filed December 14, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that the *pro se* Motion for Production of Grand Jury Documents (Doc. No. 18, filed December 14, 2006) is **DISMISSED**.

### MEMORANDUM

**I. INTRODUCTION**

    Presently before the Court is petitioner Rodney Wells' *pro se* Motion for Production of Grand Jury Documents.  For the reasons set forth below, petitioner's Motion is dismissed for

lack of subject matter jurisdiction.

## II. PROCEDURAL HISTORY

A detailed procedural history of this case is set forth in the Report and Recommendation of Chief United States Magistrate Judge James R. Melinson dated July 7, 2003.  Accordingly, this Memorandum recites only the procedural history that is pertinent to the pending Motion.

In an Order dated August 7, 2003, this Court dismissed petitioner's Petition for Writ of Habeas Corpus under § 2254 without prejudice.  Petitioner filed a notice of appeal, and in an Order dated March 15, 2004, the Third Circuit issued a certificate of appealability on one issue: "whether Petitioner has demonstrated his actual innocence of the Pennsylvania Corrupt Organizations Act offense so as to overcome the procedural default of the ineffectiveness of appellate counsel and due process/corrupt organizations claims."

In the March 15, 2004 Order, the Third Circuit further ordered that petitioner's appeal "shall be held in abeyance pending a decision in Kendrick v. District Attorney of Philadelphia County, C.A. No. 02-3158."  On January 30, 2004, the Third Circuit certified a question to the Pennsylvania Supreme Court in Kendrick.  The Kendrick case is still pending before the Third Circuit, as is petitioner's appeal.

On December 14, 2006, petitioner filed the instant Motion for Production of Grand Jury Documents.  Petitioner's Motion is a discovery request for evidence presented to the grand jury regarding petitioner's violation of the Pennsylvania Corrupt Organizations Act.[1]

---

[1] Pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in the Unites States District Courts "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . ."  See Celatka v. Carroll, 2004 WL 2283593, *2 (D. Del. Sept. 28, 2004).
   Discovery of grand jury testimony is governed by Fed. R. Crim. P. 6(e)(3)(E)(ii) (pre-trial

**III.  THE LEGAL STANDARD**

In <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982) (per curiam), the Supreme Court articulated the following rule: "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."

"The [<u>Griggs</u>] rule is a judge-made, rather than statutory, creation that is founded on prudential considerations."  <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 97 (3d Cir. 1988).  Specifically, the <u>Griggs</u> rule was designed to address the "confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously."  <u>Venen v. Sweet</u>, 758 F.2d 117, 120 n.2 (3d Cir. 1985); <u>see also</u> <u>Mary Ann Pensiero, Inc.</u>, 847 F.2d at 97; <u>In re Merck & Co.</u>, 432 F.3d 261, 268 (3d Cir. 2005).

The Third Circuit recognizes "several, but 'limited'" exceptions to the <u>Griggs</u> rule.  <u>In re Merck & Co.</u>, 432 F.3d at 267 (quoting <u>Venen</u>, 758 F.2d at 120 n.2).  These exceptions allow district courts to retain jurisdiction after the filing of a notice of appeal where denying jurisdiction "would defeat [the] purpose of achieving judicial economy."  <u>Mary Ann Pensiero, Inc.</u>, 847 F.2d at 97.  Thus, the district courts retain jurisdiction "to issue orders staying, modifying, or granting injunctive relief, to review applications for attorney's fees, to direct the filing of supersedeas bonds, to correct clerical mistakes, and to issue orders affecting the record

---

disclosure of grand jury testimony) and the Jencks Act, 18 U.S.C. § 3500(b) (disclosure of witness testimony after direct examination).

3

on appeal and the granting or vacating of bail." Sheet Metal Workers' International Assoc. Local 19 v. Herre Bros., Inc., 198 F.3d 391, 394 (3d Cir. 1999).[2]

## IV.  ANALYSIS

Petitioner moves this Court for the production of evidence presented to the grand jury regarding the Pennsylvania Corrupt Organizations Act offense.  Specifically, petitioner requests (1) an "[a]ffidavit to the complaint on the charge of Corrupt [O]rganization"; (2) "[a]ll evidence read and reviewed by affiant of the affidavit that was presented" to the grand jury; (3) "[t]he Grand Jury presentment on the charge of Corrupt Organization"; and (4) "[f]indings and Order of Judge Victor J. Dinubile regarding . . . the charge of Corrupt [O]rganization."  Mot. ¶ 20.  Petitioner states explicitly that "[t]he requested material is related directly to identifiable litigation pending in the Third Circuit Court of Appeals."  Id. ¶ 19.[3]

The Court concludes that petitioner's Motion raises the "prudential considerations" that the Griggs rule was designed to address–the "confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." Mary Ann Pensiero, Inc., 847 F.2d at 97.  Moreover, none of the exceptions to the Griggs rule

---

[2]  The exception for "orders affecting the record on appeal" provides district courts with jurisdiction to correct or modify the record on appeal under Federal Rules of Appellate Procedure 10 and 11.  See Venen, 758 F.2d at 120 n.2 (citing Fed. R. App. P. 10 and 11).

[3]  This is not the first time that petitioner has sought the production of evidence presented to the grand jury.  On January 10, 1993 and January 14, 1997, petitioner filed *pro se* petitions for the production of grand jury notes of testimony in the Court of Common Pleas of Philadelphia. In an Order dated May 1, 1997, the trial court denied the petitions without a hearing.  On June 25, 1997, the trial court affirmed the May 1, 1997 Order on state law grounds.  Petitioner appealed, and the Superior Court affirmed the decision of the trial court on February 2, 1999. Commonwealth v. Wells, 737 A.2d 813 (Pa. Super. 1999).  Petitioner did not seek further appellate review in the Pennsylvania Supreme Court.  See Report and Recommendation at 2 n.1.

apply in this case, in which petitioner seeks discovery regarding precisely "those aspects of the case involved in the appeal." Griggs, 459 U.S. at 58.  Thus, under Griggs, this Court lacks jurisdiction to rule on petitioner's Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses petitioner's *pro se* Motion for Production of Grand Jury Documents for lack of jurisdiction.

                                                **BY THE COURT:**

                                      **/s/ Honorable Jan E. DuBois**

                                      **JAN E. DUBOIS, J.**